IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

STEVEN SHERMAN                                                                                            PLAINTIFF

v.                                              4:23-cv-00152-BSM-JJV

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,                                                                       DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S. Miller.   The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.   The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.   A copy must be served on the opposing party.   The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Steven Sherman, was determined to be disabled as of October 1, 2018.   He now appeals the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income between the dates of May 31, 2013, to October 1, 2018.   Both parties have submitted opening briefs, Plaintiff submitted a reply brief, so the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.   *Slusser v.*

*Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff was forty-nine years old at the time of the administrative hearing. (Tr. 49.) He went as far as the tenth grade in school, (*id.*), and has past relevant work as a meat clerk and fast-food worker. (Tr. 33-34.)

The ALJ[1] found Mr. Sherman had not engaged in substantial gainful activity since May 31, 2013 - the alleged onset date. (Tr. 19.) He has "severe" impairments in the form of degenerative disc disease of his lumbar spine, diverticulitis, and juvenile retinoschisis. (Tr. 19.) The ALJ further found that, prior to October 1, 2018, Mr. Sherman did not have an impairment or

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 21-22.)

The ALJ determined Mr. Sherman had the residual functional capacity to perform a reduced range of light work.  (Tr. 22.)  The ALJ next determined Mr. Sherman could no longer perform his past relevant work, so he utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  Based in part on the testimony of the vocational expert, (Tr. 68-78), the ALJ determined he could perform the jobs of poultry dresser and laundry sorter.  (Tr. 35.)  Accordingly, the ALJ determined Mr. Sherman was not disabled.  (Tr. 36.)

The Appeals Council received additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2)

In support of his Complaint, Plaintiff argues his condition equaled the listing for blindness. (Doc. No. 9 at 6-10.)  Plaintiff, says, "The Administrative Law Judge erred in finding that the Plaintiff's disability did not begin at the time he lost his last relevant job. His condition functionally [equaled] the listing for blindness at that time. Indeed, the Plaintiff's condition met the listings at the time he was working."  (*Id.* at 9.)

The listing in question is 2.02, which says, "Remaining vision in the better eye after best correction is 20/200 or less."  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 2.02.  The listing goes on to state how to measure the best correction.  *Id*. § 2.00A.5.a.

A claimant has the burden of proving his condition meets or equals an impairment listed in

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

Appendix 1.  20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995).  For a claimant to show that his impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  *Id.*  The claimant must provide *medical findings* that support each of the criteria for the equivalent impairment determination.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).  And it was Plaintiff's burden to prove his disability prior to October 1, 2019.  This he simply has not done.

Here, the ALJ could rightly rely on the opinions of the medical expert, W. Benton Boone, M.D., when concluding Plaintiff was not disabled prior to October 1, 2018.  (Tr. 30-32.)  Dr. Boone fully answered all the interrogatories posed to him and provided substantial evidence upon which the ALJ could rely.  (Tr. 1201-1207, 1218-1220, 1228-1231.)  Although Plaintiff certainly disagrees, Dr. Boone squarely addressed all the relevant evidence and determined that the evidence failed to support a finding that Plaintiff was disabled as of 2008.  The ALJ's decision notes that Dr. Boone fully considered the medical report from 2008 and:

> . . . it appeared that the vision measurements were not well notated. It was not clear that a manifest refraction was done. His interpretation was that this notation was actually from an automated refraction. The remaining vision from that examination did not show that the remaining vision in the claimant's better eye after best correction was 20/200 or less. He explained that he interpreted the notation to mean an automatic refraction of 20/100 or better for the better eye (right eye).

(Tr. 30.)

Regarding the treatment records from 2015, the ALJ noted:

Dr. Boone also opined that treatment records found in Exhibit 2F from June 2015 did not show best corrected vision, but it showed an automatic refraction. He also opined that based on the treatment records, the claimant's vision slightly improved between April 2008 and June 2015. However, he was unsure of the reason for the

4

> improvement, but thought it could have been related to the method of refraction or the claimant's degree of cooperation (Ex. 19F)

(*Id.*)

The ALJ's reliance on Dr. Boone's findings constitutes substantial support for his decision. And the 2008 and 2015 evidence which Plaintiff relies upon is simply unreliable and fails to support a conclusion that Mr. Sherman was disabled during those years.

Plaintiff also contends that the ALJ's residual functional capacity assessment was flawed and requires remand. (Doc. No. 9 at 10-12.) Plaintiff says:

> The Medical Examiner, Dr. Boone, identified additional limitations. Such a claimant would be able to work with rather large objects (large paper clips, credit cards, large bolts). R. 1231. This limitation shows a far greater limit than simply not being able to read and having to use monocular vision only. The Administrative Law Judge failed to take this additional limitation into consideration in his residual functional capacity or his question to the vocational expert. In light of this, there was no substantial evidence of other work that the Plaintiff could do. For this reason, the case should be reversed for a new hearing.

(*Id.* at 11.)

The ALJ determined that - prior to October 1, 2018 - Plaintiff could perform light work activities. (Tr. 22.) He further held that Plaintiff "could not work from unprotected heights; could not work from adders, scaffolds, or ropes; could not use firearms; could not operate motor vehicles; and could not be around unprotected moving machinery. Finally, the individual would be limited to monocular vision and could not perform any reading in the workplace." (*Id.*)

I have carefully considered Plaintiff's argument and find it to be without merit. Among other things, I am persuaded by the Commissioner's point that that ALJ's RFC assessment was "even more restrictive than this portion of Dr. Boone's assessment, as the ALJ found Plaintiff was limited to monocular vision and could not perform *any* reading in the workplace." (Doc. No. 13 at 10.)

Plaintiff has advanced other arguments[1] I have considered and find to be without merit. Counsel for both sides have done exemplary work on behalf of their respective clients. But the overall medical evidence provides substantial support for the ALJ's determination that Mr. Sherman was not disabled prior to October 1, 2018.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 16th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Including that the ALJ committed reversible error when denying a supplemental hearing, and failed to provide a summary of Plaintiff's testimony to the Medical Expert.